IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-23-172-D |
| | ) | |
| THOMAS ANTHONY HILL, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the Court is Defendant's Letter [Doc. No. 4], which the Court construes as a motion for early termination of supervised release. The government has filed a Response in Opposition to Request for Early Termination of Supervised Release [Doc. No. 7].

Per the Transfer of Jurisdiction Order [Doc. No. 1], Defendant is currently serving a four-year term of supervised release that began on August 11, 2023. Defendant was charged in the Eastern District of Arkansas in a three-count indictment, charging him with being a felon in possession of a firearm, possession with intent to distribute methamphetamine, and use of a firearm in furtherance of a drug-trafficking crime [Doc. No. 6, Presentence Investigation Report, at 3]. Defendant pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *Id.* Defendant was sentenced to 48 months of imprisonment and 4 years of supervised release [Doc. No. 3, at 11].

Defendant first states that he has successfully completed three of the four years of his supervision without any violations or negative incidents; however, the court record

reflects that Defendant has completed only two years of supervised release [Doc. No. 1, at 1]. Defendant further contends that he has fully complied with all conditions of his supervision, has worked hard to reintegrate into society, and is currently facing significant health issues that will require surgery. Defendant adds that his upcoming surgery may affect his ability to consistently meet the obligations of supervision, such as drug testing. Finally, Defendant states that his supervising officer has indicated that he would be a suitable candidate for early termination.

The government opposes Defendant's request. The government verified with the United States Probation Office that Defendant has been generally compliant with his supervision requirements, with the exception of missing four drug tests and stalling two others. Defendant supplied satisfactory samples within days after each missed or stalled drug test. The probation officer also reported to the government that Defendant has been excused from the employment requirement because of his back issues and multiple back surgeries. Finally, the probation officer communicated that the USPO does not support Defendant's request for early termination of supervised release "primarily due to [Defendant's] extensive criminal history which includes the threatened use of violence." [Doc. No. 7, at 3].

The government further contends that early termination should be denied due to the seriousness of Defendant's conduct. The government refers to portions of the Presentence Investigation Report [Doc. No. 6], which reflect that police officers responded to reports of a verbal dispute involving a gunshot; that officers had to hold Defendant at gunpoint for him to comply; that Defendant had approximately 18 grams of methamphetamine in his

pocket at the time of his arrest; that there was a firearm holster on Defendant's person at the time of his arrest; and a chamber-loaded handgun was found nearby [Doc. No. 6, at ¶ 6]. The government also raises Defendant's prior instances of firearm possession, domestic violence, and assault [Doc. No. 7, at 4], and contends that his several previous terms of imprisonment may suggest that Defendant is at risk for recidivism. *Id.* at 5. Finally, the government notes that the USPO has accommodated Defendant's two previous back surgeries while on supervised release, and there is no indication in the record that further accommodations could not be made for Defendant's upcoming surgery. *Id.*

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Upon consideration of Defendant's motion in light of the information provided by the government, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. Defendant has served almost half of his term of supervised release. In his motion, Defendant does not indicate how his conditions of supervised release impair his progress to reintegrate into the community. And, based on the USPO's previous accommodations made for Defendant's previous back surgeries, the Court is confident that Defendant can obtain satisfactory medical treatment for his back issues while under supervision. The Court commends Defendant for the progress that he has made during his period of supervision and encourages him to continue his positive

3

efforts. However, in light of all the circumstances in this case, the Court declines to terminate Defendant's term of supervision prematurely.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 4] is **DENIED**, without prejudice to Defendant reasserting his request at an appropriate time in the future.

**IT IS SO ORDERED** this 16th day of July, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge