## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
v.                           )        Case No. CR-23-172-D
                             )
THOMAS ANTHONY HILL,         )
                             )
            Defendant.       )

## ORDER

Before the Court is Defendant's Motion for Early Termination or Reduction of Supervised Release [Doc. No. 9]. The government has filed a Response in Opposition to Request for Early Termination of Supervised Release [Doc. No. 10].

Per the Transfer of Jurisdiction Order [Doc. No. 1], Defendant is currently serving a four-year term of supervised release that began on August 11, 2023. Defendant was charged in the Eastern District of Arkansas in a three-count indictment, charging him with being a felon in possession of a firearm, possession with intent to distribute methamphetamine, and use of a firearm in furtherance of a drug-trafficking crime [Doc. No. 6, Presentence Investigation Report, at 3]. Defendant pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *Id.* Defendant was sentenced to 48 months of imprisonment and 4 years of supervised release [Doc. No. 3, at 11].

Defendant first states that his term of supervised release "exceeds the applicable guidelines," which is incorrect. The guideline recommendation for Defendant's supervised

1

release was 3 years to life. [Doc. No. 6, at 17]. Defendant also asserts that he has complied with every condition of supervision, all drug screens have been negative, all reporting requirements have been met, and Defendant has maintained a stable residence and a firm commitment to reintegrating into society.

The government opposes Defendant's request. The government verified with the United States Probation Office that Defendant has been generally compliant with his supervision requirements. However, the probation officer communicated that the USPO does not support Defendant's request for early termination of supervised release "primarily due to [Defendant's] extensive criminal history which includes the threatened use of violence." [Doc. No. 10, at 3].

The government further contends that early termination should be denied due to the seriousness of Defendant's conduct. The government refers to portions of the Presentence Investigation Report [Doc. No. 6], which reflect that police officers responded to reports of a verbal dispute involving a gunshot; that officers had to hold Defendant at gunpoint for him to comply; that Defendant had approximately 18 grams of methamphetamine in his pocket at the time of his arrest; that there was a firearm holster on Defendant's person at the time of his arrest; and a chamber-loaded handgun was found nearby [Doc. No. 6, at ¶ 6]. The government also raises Defendant's prior instances of firearm possession, domestic violence, and assault [Doc. No. 10, at 4-5], and contends that his several previous terms of imprisonment may suggest that Defendant is at risk for recidivism. *Id.* at 5.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if,

after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Upon consideration of Defendant's motion in light of the information provided by the government, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. In his motion, Defendant relies mostly on his compliance with his restrictions on supervised release. The Court commends Defendant for complying with these restrictions and making progress toward reintegrating into society. However, in light of all the circumstances in this case, the Court declines to terminate Defendant's term of supervision prematurely.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination or Reduction of Supervised Release [Doc. No. 9] is **DENIED**.

**IT IS SO ORDERED** this 19th day of March, 2026.

 

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

3